IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM JAMES MITCHELL, #331132,    *

    Petitioner    *

       v.    *    Civil Action No. DKC-13-2063

WARDEN KATHLEEN S. GREEN., et al.,    *

    Respondents    *
          ***

## MEMORANDUM OPINION

Presently pending and ready for resolution in this habeas action is the limited question whether Petitioner's application pursuant to 28 U.S.C. § 2254 was filed within the applicable statute of limitations.

On July 17, 2013,[1] the court received the 28 U.S.C. § 2254 habeas corpus application filed by Petitioner William James Mitchell, attacking his 2005 judgments of conviction for attempted first degree murder and related offenses. ECF No. 1. He raises several issues, including whether the trial judge's failure to recuse himself violated Petitioner's right to testify and to a fair trial in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and whether his attorneys provided ineffective representation by failing to move that the trial judge recuse himself, by putting forth a defense theory of the case that trial counsel knew was not supported by the evidence, and by failing to object to the admission of highly prejudicial evidence for which a proper foundation had not been laid.

Instead of responding to the petition in full, Respondents filed a limited answer on October 2, 2013, raising only the statute of limitations. ECF No. 6. On November 19, 2013, Mitchell filed a reply. ECF No. 11. Following appointment of counsel, a telephone conference

---

[1]    Although signed, the Petition and accompanying memorandum are not dated.

was held on June 2, 2015, after which the court approved the parties' joint briefing schedule. ECF No. 20. The schedule was adjusted, and supplemental briefs were filed.

On October 16, 2015, the court granted the parties' joint motion to stay proceedings pending the decision of the United States Court of Appeals for the Fourth Circuit in *Woodfolk v. Maynard*, No. 15-6364. ECF Nos. 24; 25. The Fourth Circuit issued its opinion on May 23, 2017. *See Woodfolk v. Maynard*, 857 F.3d 531 (4th Cir. 2017). The appellate court's mandate was issued on June 14, 2017.

On June 27, 2017, the court lifted the stay and approved the parties' proposed supplemental briefing schedule. ECF No. 28. Respondents filed their supplemental answer on August 20, 2017. ECF No. 29. Mitchell filed his supplemental reply on September 6, 2017. ECF No. 30. After reviewing the filings, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the court will dismiss the petition as untimely, but grant a certificate of appealability.

**Factual and Procedural History**

On June 13, 2005, following a jury trial, Mitchell was found guilty in the Circuit Court for Harford County of attempted first degree murder and related offenses. ECF No. 1, pp. 1-2; ECF No. 6-1, pp. 15-16. He did not testify at trial. ECF No. 1, p. 2. Mitchell was sentenced on October 24, 2005, to a total of 70 years imprisonment. ECF Nos. 1, pp. 1-2; 6-1, p. 17.

Mitchell timely appealed his convictions and sentence to the Court of Special Appeals of Maryland, which, in an unreported opinion issued on July 27, 2007, affirmed Mitchell's convictions, but vacated one of his sentences and remanded the case to the circuit court for

resentencing. ECF Nos. 1, p. 2; 6-1, p. 19; 6-2, p. 26. The Court of Special Appeals' mandate was issued on August 27, 2007. ECF Nos. 6-1, pp. 19-20; 6-2, p. 27. Mitchell then filed a petition for a writ of certiorari in the Court of Appeals of Maryland, which granted the petition on November 7, 2007. ECF Nos. 1, p. 3; 6-1, pp. 20-21; 6-3, p. 1. After the case had been briefed and argued, however, on March 12, 2008, the Court of Appeals dismissed the writ, finding that it had been improvidently granted. ECF Nos. 1, p. 3; 6-3, p. 4. Mitchell did not seek further review. ECF No. 1, p. 3.

On June 1, 2009, Mitchell filed a motion to correct an illegal sentence in the Circuit Court for Harford County. ECF Nos. 1, p. 4; 6-1, p. 22. At a hearing held on July 22, 2009, the circuit court resolved both the motion to correct an illegal sentence and complied with the Court of Special Appeals' remand. ECF Nos. 1, p. 4; 6-1, p. 22. Mitchell was resentenced to 65 years imprisonment. ECF Nos. 1, p. 4; 6-1, p. 22. He did not appeal the new judgment, which became final for direct appeal purposes on August 21, 2009. *See* Md. Rule 8-202 (requiring that notice of appeal be filed within 30 days of date of judgment from which review is sought).

On September 2, 2009, Mitchell filed a motion for modification/reduction of sentence pursuant to Md. Rule 4-345(e)[2] which, at Mitchell's request, was held in abeyance. ECF Nos. 1, p. 4; 6-2, p. 22; 23-1. On February 3, 2010, Mitchell filed a petition for post-conviction relief in the Circuit Court for Harford County. ECF Nos. 1, p. 4; 6-1, p. 23. After conducting a hearing,

---

[2]     As of May 11, 2004, that Rule provided:

(e) Modification Upon Motion.

(1) Generally. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

Prior to 2004, the rule appeared in 4-345(b) and, while the motion had to be filed within 90 days, there was no time limit for the court's ruling. Thus, motions could remain pending indefinitely.

the court denied the petition on November 3, 2010.  ECF Nos. 1, p. 5; 1-12; 6-1, p. 24.  On December 2, 2010, Mitchell filed an application for leave to appeal the denial, which the Court of Special Appeals summarily denied on December 19, 2011.  ECF Nos. 1, p. 5;  6-1, p. 24; 6-4, pp. 1-2.  The court's mandate was issued on January 19, 2012.  ECF No. 6-4, p. 3.

On September 20, 2012, Mitchell requested that the circuit court activate proceedings on his motion for modification/reduction of sentence.  ECF Nos. 1, p. 8; 6-1, p. 25.  The court denied the motion on October 1, 2012.  ECF Nos. 1, p. 8; 6-1, p. 25.

As noted above, the current Petition was received by this court on July 17, 2013.  ECF No. 1.

<strong>Timeliness</strong>

The threshold issue in this case is the timeliness of the Petition.  A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d) provides that:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

### Statutory Tolling

Respondents argue that the Petition is time-barred and should be dismissed on that basis. ECF No. 6, pp. 1, 6.  Mitchell contends that his Petition is timely because "his properly filed motion for modification or reduction of sentence under Maryland Rule 4-345 tolled the one year filing period as prescribed by 28 U.S.C. § 2244(d)(2)."  ECF No. 11, p. 2.

As noted above, the court directed the parties to submit supplemental briefs regarding the application of the statute of limitations to Mitchell's Petition.  After Mitchell filed his supplemental memorandum, the court granted the parties' joint motion to stay proceedings pending the Fourth Circuit's decision in *Woodfolk v. Maynard*, which, among other issues, presented the issue of whether a § 2254 petitioner was entitled under *Kholi* to statutory tolling of the limitations period during the time a Maryland state motion for modification of sentence was pending.  On May 23, 2017, the Fourth Circuit issued its decision without reaching the question of whether a motion for modification filed in Maryland state court statutorily tolled the limitations period.  *See Woodfolk*, 857 F.3d. at 543 n.6 (stating that because it found Woodfolk's petition timely on other grounds, the court "need not consider Woodfolk's alternative argument that his Rule 4-345 motion tolled the limitations period under *Kholi*").  The stay was lifted on

June 27, 2017, and Respondents and Mitchell subsequently filed their supplemental answer and supplemental reply, respectively.

In *Kholi*, on which Mitchell relies, the Supreme Court of the United States addressed the question of "whether a motion for reduction of sentence under Rhode Island's Rule 35 is an 'application for State post-conviction or other collateral review'" under § 2244(d)(2). 562 U.S. at 551. The Court held that the phrase "'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review," *id.* at 547; *see also id.* at 553, 560, and that a "motion to reduce sentence under Rhode Island law is an application for 'collateral review' that triggers AEDPA's tolling provision," *id.* at 556; *see also id.* at 547-48 (further holding that Kholi's motion tolled the AEDPA limitation period and that his federal habeas petition was timely). The Court, however, limited its analysis "to a motion to reduce sentence under Rhode Island law." *Id.* at 550.

Subsequently, Judge Williams considered whether, "in light of the Supreme Court's ruling in *Wall v. Kholi*, . . . a motion for Modification or Reduction of Sentence under Maryland law toll[s] the statute of limitations under 28 U.S.C.§ 2244(d)(1)(A)." *Tasker v. Maryland*, No. AW-11-1869, 2013 WL 425040, at *2 (D.Md. Jan. 31, 2013) (internal citation omitted), *aff'd*, 517 Fed. Appx. 172 (4th Cir. Apr. 4, 2013). Judge Williams held that it did not. *Tasker*, 2013 WL 425040, at *7. Significantly, the Maryland rule in effect at the time Tasker filed his motion in 1985 differed from the current rule in a very important respect. As noted by Judge Williams,

> A five-year limit on the court's authority to modify a sentence was added to the Rule effective July 1, 2004. Notably, this time limit does not apply to Tasker's 1985 Motion for Modification. See Md. Rule 4–345 (2011).

*Id.* at *3, n. 6. After setting out the positions argued by the parties, Judge Williams concluded:

> The Supreme Court repeatedly stated in *Kholi* that it was addressing the procedure under Rhode Island Rule 35. See infra at 9. This Court finds that

Maryland's Rule 4–345 provides specifically delineated and separate routes for challenges [to] the legality of a sentence and is part of a fundamentally different framework than the Rhode Island Rule practice considered in *Kholi*. Rhode Island's proposed taxonomy dividing Rule 35 motions into those that "challenge a sentence on legal grounds and those that merely ask for leniency," which was rejected as "problematic" and burdensome, *Kholi*, 131 S.Ct. at 1288, does not pose such complications under Maryland's procedural framework.

Tasker's suggestion that tolling the statute of limitation under § 2244(d)(2) would promote the purposes of the AEDPA is unpersuasive. Tasker's March 23, 1985 Motion for leniency under the Maryland Rule can neither address nor exhaust a cognizable federal claim on habeas review. Tasker is in effect asking to toll the time for federal review for a period in excess of 25 years, and perhaps indefinitely, predicated on a Motion that asks purely for leniency, is not subject to review, and does not present a cognizable federal claim requiring exhaustion. To hold as Tasker requests would undermine the stated goals of the AEDPA statute.

*Id*. at *7. Judge Williams issued a certificate of appealability. Unfortunately, Tasker did not have counsel on appeal and his informal brief did not challenge the basis for the district court's disposition, so the appellate court affirmed without reaching the merits of the issue. 517 Fed.Appx. 172 (4th Cir. Apr. 4, 2013).

Since *Tasker* was decided, judges on this court have followed suit. *See, e.g,. Scott v. Green*, No. JKB-13-2002, 2013 WL 6844279, at *2 n.11 (D.Md. Dec. 23, 2013); *Short v. Shearin*, No. RWT-12-2476, 2013 WL 5797583 (D.Md. Oct. 25, 2012); *Roberts v. State of Maryland*, No. JKB-11-1227 (D. Md. Oct. 29, 2013) (no appeal taken); *Asemani v. Bishop*, No. RDB-13-925, 2014 WL 1320096 at *2 (D.Md. Mar. 31, 2014) (Asemani appealed and raised the statute of limitations in his informal brief. The Court of Appeals denied a certificate of appealability because Asemani conceded that he had not exhausted his claims in state court. Failure to exhaust was an alternative ground found by the district court justifying dismissal of the petition.). Obviously, none of those cases generated a dispositive ruling from the Fourth Circuit. Another case, however, offered the possibility of consideration on appeal. In *Woodfolk v.*

*Maynard*, No. JFM-13-3268, 2014 WL 6674577 (D.Md. Nov. 24, 2014), Judge Motz again ruled that:

> In applying the rules announced in *Kohli* [sic] to Maryland law, this court has held that a motion for reconsideration filed pursuant to Maryland Rule 4–345 does not meet the criteria for tolling as outlined in *Kohli. See Tasker v. State*, Civil Action No. AW–11–1869 (D.Md. Jan. 31, 2013), *aff'd*, 517 Fed. Appx. 172 (4th Cir. 2013). This court found the Maryland scheme for filing such motions distinguishable from Rhode Island law. Specifically, Maryland motions for modification do not serve to indefinitely toll the limitations period set forth under 28 U.S.C. § 2244(d) because they involve a request for leniency, are not subject to appellate review, and do not raise cognizable federal claims requiring exhaustion. *See Tasker v. State*, Civil Action No. AW–11–1869 (D.Md. Jan. 31, 2013), *aff'd* 517 Fed Appx 172 (4th Cir. 2013), *see also Roberts v. State of Maryland*, Civil Action No. JKB–11–1227 (D.Md. Oct. 29, 2013).

Once *Woodfolk* was on appeal, other cases were stayed. After the Fourth Circuit resolved *Woodfolk* without reaching the issue, those judges lifted the stay and some dismissed the petitions as untimely, again relying on *Tasker* and, now, *Woodfolk. See, e.g., Savoy v. Bishop*, No. RWT-13-751, 2017 WL 3492165 (D.Md. Aug. 15, 2017)(*pro se*, no appeal taken); *Maize v. Warden*, No. JFM 16-4070, 2017 WL 3446770 (D.Md. Aug. 10, 2017)(*pro se*, no appeal taken); *Wells v. Wolfe*, No. CCB-14-985, 2017 WL 3836046 (D.Md. Aug. 31, 2017)( *pro se*, no appeal taken). Other cases remain pending.

Mitchell argues that *Tasker* and its progeny are "wrongly decided and are at odds with the decisions of all other federal courts to have addressed motions to reduce sentence since *Kholi*." ECF No. 23, p. 6. In his second supplemental brief, filed after the Fourth Circuit's *Woodfolk* decision, Mitchell notes that a recent Eleventh Circuit case disregarded an unpublished earlier decision, *Baker v. McNeil,* 439 Fed.App'x. 786, 787-89 (11th Cir. Aug. 17, 2011), and reached the opposite conclusion. ECF No. 30, p. 2 (citing *Rogers v. Sec'y,* 855 F.3d 1274, 1277

(11th Cir. May 2, 2017)).[3]  Mitchell also notes that three district courts within the Fourth Circuit have held that "discretionary motions to reduce or review a sentence toll AEDPA's statute of limitations."  *Id.* at pp. 4-5 (citing *Hunt v. Ballard*, No. 3:16cv29, 2017 WL 1848490, at *9 (N.D. W. Va. Mar. 20, 2017), *overruled on other grounds*, 2017 WL 3485029 (N.D. W. Va. Aug. 14, 2017); *Williams v. Virginia*, No. 3:15CV690, 2017 WL 1029112, at *3 (E.D. Va. Mar. 16, 2017); *Stone v. Vest*, No. 2:16-cv-01874, 2017 WL 588517, at *3 (S.D. W. Va. Feb. 14, 2017)).

Mitchell is correct that other courts have found that motions under analogous state rules do toll the statute of limitations, although there are slight differences among the rules.  The rule under consideration in *Rogers, Florida Rule 3.800,* provides:

> (c) Reduction and Modification.  A court may reduce or modify ... a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition....  If review is upon motion, the trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion. This subdivision shall not be applicable to those cases ... in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

The *Rogers* court rejected all efforts to distinguish the Florida rule from the Rhode Island rule analyzed in *Kholi*, including that it was a request for leniency, that denial is not appealable, that no legal standard governs the outcome, that the Florida rule sets out in separate subsections complaints about the legality of a sentence from the request for leniency, and that allowing the rule to toll limitations would permit inmates to toll the federal limitation period at will.  *Rogers*, 855 F.3d at 1277-78.  Respondents make the same arguments here that were rejected by the

---

[3]    With respect to *Baker*, the *Rogers* court stated:

[T]he Secretary cites an unpublished per curiam opinion, *Baker v. McNeil*, 439 Fed. Appx. 786, 787 (11th Cir. 2011).  In this circuit, an unpublished opinion "may be cited as persuasive authority" but is "not considered binding precedent."  11th Cir. R. 36-2; *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n. 7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

*Rogers*, 855 F.3d at 1278 n.1.

*Rogers* court. Likewise, the lower court decisions within the Fourth Circuit appear to reach conclusions that are at odds with *Tasker*, *Woodfolk,* and their progeny.

In light of the unbroken chain of decisions from this district and the need for uniformity in this area, however, and recognizing that only appellate courts can definitively resolve the issue, this court will again apply *Tasker* and *Woodfolk* and hold that a motion under Md. Rule 4-345 does not toll the running of the statute of limitations. Accordingly, Mitchell's petition was not filed timely.

### Equitable Tolling

In his initial *pro se* response to Respondents' limited answer, Mitchell argues in the alternative that the statute of limitations should be equitably tolled. ECF No. 11, p. 8. The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling, a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Mitchell contends that "it is not his fault that his petition was not timely; but was 'due to circumstances external to the party's own conduct.'" ECF No. 11, p. 8 (quoting *Rouse*, 339 F.3d at 246). Specifically, Mitchell claims that his attorney instructed him that the filing of the

motion for reconsideration of sentence tolled the limitation period under *Kholi*. *Id.* Therefore, according to Mitchell, because he was following his attorney's "negligent" legal advice, "it would be unconscionable to enforce the limitation period against the petitioner because of the gross injustice that would result by petitioner being time barred and his issues not being heard/litigated fully." *Id.* (internal quotation marks omitted).

In *Harris*, the Fourth Circuit addressed a similar argument that equitable tolling should be applied because the petitioner "relied on the negligent and erroneous advice of his counsel who misadvise[d] him of the deadline" for filing the petition. 209 F.3d at 328 (alteration in original) (internal quotation marks omitted). The court held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Id.* at 331. The Supreme Court subsequently decided *Holland*, in which the Court concluded that "attorney misconduct that amounts to more than a 'garden variety' claim of attorney negligence can constitute a circumstance justifying equitable tolling." *Mubang v. United States*, Civil Action No. DKC-06-1838, 2011 WL 3511078, at *15 (D. Md. Aug. 9, 2011)(citing *Holland*, 560 U.S. at 649-652). *Holland*, however, involved attorney misconduct that amounted to "failure to satisfy professional standards of care," 560 U.S. at 649, not a failure to produce certain requested files as was the case in *Mubang*, 2011 WL 3511078, at *16, or the erroneous advice regarding the tolling of the limitation period at issue here. Therefore, following *Harris*, the court finds that equitable tolling is not appropriate under the circumstances alleged in this case.

Mitchell's motion to reduce sentence did not statutorily toll the AEDPA limitation period. Nor is Mitchell entitled to equitable tolling. Accordingly, the Petition is time-barred.

**Conclusion**

For the reasons stated herein, the court will dismiss the Petition with prejudice as time-barred, and will not reach the merits of his contentions. On the other hand, the court will issue a Certificate of Appealability.

The Supreme Court recently reaffirmed "that a litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S.Ct. 759, 777 (2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In *Slack*, the Court held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484. And it later reiterated that:

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.

*Id.* at 484-85.

There is no question, as outlined above, that the procedural ruling is open to significant debate. The standard for determining whether the petition states a valid claim of denial of a constitutional right is less clear. In *Buck*, the Court instructed that the merits-based evaluation, for petitions dismissed on their merits, does not involve a final resolution of the claim, but rather a threshold examination. "We do not mean to specify what procedures may be appropriate in

every case. But whatever procedures are employed at the COA stage should be consonant with the limited nature of the inquiry." 137 S.Ct. at 774. Years before, a court in the District of Rhode Island, held as follows:

> Under 28 U.S.C. § 2253, a COA from a "final order in a proceeding under section 2255" may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* §§ 2253(c)(1)(B) & (c)(2). The denial of Celikoski's motion, solely, on statute of limitations grounds does not raise any constitutional issue. However, the First Circuit has indicated that, when what it has termed "preliminary" procedural rulings regarding the timeliness of § 2255 motions "are predicates to consideration of a constitutional issue," they are proper subjects for COAs. *See Gaskins v. Duval*, 183 F.3d 8, 9 n.1 (1st Cir. 1999) (granting COA regarding order dismissing § 2255 petition on statute of limitations grounds).

> Presumably, the First Circuit did not intend to require that, in determining whether a § 2255 petition raises a constitutional issue, the District Court must assess the merits of any constitutional claims asserted in the petition even though the District Court had found the petition to be time-barred. Rather, it appears that, in such cases, the District Court's task is to decide, simply, whether the petition asserts a constitutional claim. Since Celikoski's motion asserts a constitutional claim (*i.e.,* deprivation of the right to counsel), Celikoski's request for a COA is granted. However, pursuant to 28 U.S.C. § 2253(c)(3), the COA is limited to the issue of whether AEDPA's one-year statute of limitations bars Celikoski's § 2255 petition.

*Celikoski v. United States*, 114 F.Supp.2d 42, 45-46 (D.R.I. 2000). So, too, in this case. The petition asserts colorable constitutional claims and thus satisfies the second prong of the COA requirements. A certificate of appealability will be issued limited to the question of whether a motion under Md. Rule 4-345 tolls the AEDPA's one year statute of limitations for petitions under 28 U.S.C. § 2254. A separate Order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge